**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DEDRICK RICHARDSON,**

    Petitioner,

    v.

**UNITED STATES OF AMERICA,**

    Respondent.

**CASE NO. 2:11-CV-479
CRIM. NO. 2:06-CR-00100(3)
JUDGE GEORGE C. SMITH
MAGISTRATE JUDGE KING**

## ORDER

On October 3, 2013, the Magistrate Judge recommended that the *Motion to Vacate*, filed pursuant to 28 U.S.C. § 2255, be dismissed. *Report and Recommendation,* Doc. No. 415. Petitioner has filed objections to that recommendation. *Objection*, Doc. No. 417. For the reasons that follow, Petitioner's *Objection* is **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

Preliminarily, Petitioner objects to the Magistrate Judge's April 4, 2013 *Order,* Doc. No. 399*,* which granted Petitioner leave to expand the record to include certain documents but "only to the extent that the additional evidence relates to the original claim of ineffective assistance of counsel during the plea negotiation stage, *i.e.,* that counsel failed to advise Petitioner of the strength of the government's case and that his wife was a potential witness against him." *Id.*, at 1. Referring to deposition transcripts and to documents obtained from defense counsel's file, Petitioner now contends that he should have been permitted to assert additional claims of ineffective assistance of counsel, *i.e.*, that his attorney incorrectly advised him that he had a criminal history category of II under the United States Sentencing Guidelines and that the government's plea agreements were premised on that criminal history, and that his counsel

1

improperly failed to communicate to the government, during the course of plea negotiations, Petitioner's willingness to plead guilty in exchange for a sentencing range of 87 to 108 months.

Petitioner specifically contends that these additional claims are supported by his initial, timely, *Motion to Vacate* and by the record as it existed on April 4, 2013, when the Magistrate Judge entered her *Order*, and on October 4, 2013, when the evidentiary hearing was held. In any event, Petitioner argues, these additional claims of ineffective assistance of counsel are timely under 28 U.S.C. § 2255(f), because he learned the facts underlying the claims only during the course of discovery. Petitioner objects to the Magistrate Judge's refusal to permit him to raise these additional claims of ineffective assistance of counsel, to support those claims with the documents referred to in the *Motion to Expand the Record*, and to inquire regarding these claims during the evidentiary hearing. For the reasons discussed in the Magistrate Judge's *Order*, Doc. No. 399, the Court agrees with the reasoning and conclusions of the Magistrate Judge in this regard. Petitioner's objections in this respect are **OVERRULED**.

The Magistrate Judge recommended, after an evidentiary hearing, that Petitioner's claim of ineffective assistance of counsel - based on his attorney's failure to advise him of the strength of the government's evidence against him and of his wife's anticipated testimony at trial – be denied. Petitioner objects to the Magistrate Judge's credibility determinations. For example, Petitioner objects to the Magistrate Judge's refusal to credit Petitioner's testimony that he would have accepted the government's initial plea offer had he known that his wife would testify against him at trial and instead crediting the testimony of defense counsel and Assistant United States Attorneys on this issue. Petitioner also objects to the Magistrate Judge's conclusion that Petitioner failed to establish that, but for the inadequate advice of his attorney, he would not have proceeded to trial.

According to Petitioner, the record establishes that defense counsel waited until shortly before trial to research the issue of spousal privilege. *Objection,* PageID #2705. Petitioner also argues that the record demonstrates a conflict regarding the date on which defense counsel obtained *Jenck*s material (indicating that Petitioner's wife would testify against him), and that the record therefore supports his allegation that defense counsel failed to advise Petitioner that his wife would testify against him. Petitioner goes on to argue that defense counsel's failure to earlier obtain the plea agreement between Petitioner's wife and the government establishes that defense counsel performed in a constitutionally unreasonable manner. *Id.,* at PageID #2708.

Finally, Petitioner objects to the Magistrate Judge's rejection of Petitioner's claim that Count 11 was impermissibly constructively amended by the evidence and the jury instructions.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. This Court is not persuaded by Petitioner's objections. Contrary to Petitioner's arguments, and as discussed by the Magistrate Judge, the record and the evidence establish that Petitioner refused to accept any of the government's plea offers despite having been advised of the strength of the government's case against him and of the fact that his wife would testify against him. Moreover, the Court agrees with the conclusion of the Magistrate Judge that Count 11 of the *Superseding Indictment* was not constructively amended by the evidence and the jury instructions.

Therefore, Petitioner's *Objection,* Doc. No. 417, IS **OVERRULED**. The *Report and Recommendation*, Doc. No. 415, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

/s/ *George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

3