IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES**, | : |
| Plaintiff, | : |
| | : Case No. 2:06-CR-100(3) |
| v. | : |
| | : JUDGE SARAH D. MORRISON |
| **DEDRICK RICHARDSON**, | : |
| Defendant. | : |

## OPINION & ORDER

This matter is before the Court for consideration of Defendant's Motion for Compassionate Release (ECF No. 475), his Supplement in Support (ECF No. 480), and the Government's Response in Opposition (ECF No. 482.) The motion is ripe for consideration.

## I. BACKGROUND

On December 21, 2006 a jury found Mr. Richardson guilty of: (1) conspiring to manufacture, to possess with the intent to distribute, and to distribute more than 50 grams crack cocaine from on or about July 1, 2005 through March 20, 2006 in violation of 21 U.S.C. § § 841(a)(1) and 841(b)(1)(A)(iii) (Count One); (2) conspiring to possess with the intent to distribute and to distribute more than 5 kilograms of cocaine from on or about July 1, 2005 to March 20, 2006 in violation of 21 U.S.C. § § 841(a)(1) and 841(b)(1)(A)(ii) and 846 (Count Nine); (3) possessing more than 500 grams of cocaine with the intent to distribute on or about December 7, 2005 in violation of 21 U.S.C. § § 841(a)(1), 841(b)(1)(B)(ii) and 18 U.S.C. § 2 (Count Ten); (4) possess one or more firearms in furtherance of a drug trafficking crime and in

1

violation of 21 U.S.C. §§ 846 and 841(a)(1) and 18 U.S.C. § § 924(c)(1)(A)(i) and § 2 (Count Eleven); and (5) possessing more than 500 grams of cocaine with the intent to distribute on or about February 4, 2006 in violation of 21 U.S.C. § § 841(a)(1), 841(b)(1)(B)(ii) and 18 U.S.C. § 2 (Count Twelve). (ECF Nos. 122, 197.) He was sentenced to 168 months on Counts One, Nine, Ten and Twelve and to 60 months on Count Eleven to be served consecutively. (ECF No. 453.)

Mr. Richardson applied for early release from the BOP. The warden denied Mr. Richardson's request because Mr. Richardson was "stable, c[ould] perform all activities of Daily Living (ADL) independently and [his] medical issues d[id] not diminish [his] ability to function in a correctional setting." (ECF No. 482-1.)

Mr. Richardson's current release date is August 20, 2022. He seeks early release on his own behalf, arguing his various health issues expose him to a high risk of COVID-19 complications. Mr. Richardson requests a roughly eighteen-month, 10% reduction in his sentence from 168 months to 151 months on Counts One, Nine, Ten and Twelve to run concurrently with five years for Count Eleven. He states that he will live with his daughter and work at an automobile repair shop if he is released. His daughter and potential employer submit letters in support of those statements. The Government opposes Mr. Richardson's motion.

II.     ANALYSIS

Mr. Richardson moves for early release under 18 U.S.C. § 3582(c)(1)(A), which allows for compassionate release in "extraordinary and compelling"

2

circumstances. *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020). Section 3582(c)(1)(A)(i) states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Whether early release is permissible under the section is typically determined by a three-step analysis. As the Sixth Circuit explains:

> Before granting a compassionate-release motion, a district court must engage in a "three-step inquiry:" the court must "find" that "extraordinary and compelling reasons warrant [a sentence] reduction," ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). If each of those requirements are met, the district court "may reduce the term of imprisonment," but need not do so. 18 U.S.C. § 3582(c)(1)(A).

*United States v. Elias*, No. 20-3654, 2021 U.S. App. LEXIS 251, at *2 (6th Cir. Jan. 6, 2021). Where, as here, an incarcerated person pursues early relief on his own behalf, the Court may "skip step two of the § 3582(c)(1)(A) inquiry." *Jones*, 980 F.3d

3

1098, 1111 (6th Cir. 2020). That is, the Court bypasses review of applicable policy statements issued by the Sentencing Commission found in U.S.S.G. § 1B1.13 that address what circumstances are extraordinary and compelling. The Court "may deny compassionate-release motions when any of the t[wo] prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others." *Id.* at *5-6 (citation omitted).

The Court's analysis is therefore framed as follows. First, does Mr. Richardson establish extraordinary and compelling reasons for release? Second, and, only if so, does consideration of the § 3553(a) factors indicate that release is proper?

*Extraordinary and Compelling*. These terms are not defined in the statute. Thus, "district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Elias*, 2021 U.S. App. LEXIS 251, at *5-6 (citation omitted). In this regard, the Court has "full discretion" in determining whether Richardson's stated reasons for seeking release are both extraordinary and compelling. *Jones*, 980 F.3d at 1111 (6th Cir. 2020).

Courts find concerns of contracting COVID-19 to be extraordinary and compelling when the defendant has a: (1) high risk of having complications from COVID-19 and (2) "particularized risk of contracting the disease at his prison facility." *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020) (citing

*United States v. Dungee*, No. 15CR5, 2020 WL 1666470, at *2 (W.D. Va. Apr. 4, 2020) (denying motion for compassionate release because the defendant failed to show that his "individual conditions of confinement — as opposed to those conditions that the inmates generally are subject to — are such as to justify relief")); *see also United States v. Hardin*, No. 19-CR-240, 2020 U.S. Dist. LEXIS 90855, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020).

Based upon medical records from 2019, Richardson argues that his diabetes, hyperlipidemia, obesity, and arthritis exacerbate his risk of serious complications were he to contract COVID-19. Taking no issue with the age of the records, the Government concedes that Richardson has identified an existing condition that places him at a higher risk for COVID-19 complications—his Type 2 diabetes mellitus. The Centers for Disease Control and Prevention ("CDC") has identified two categories of medical risk factors affecting the likelihood of severe outcomes from COVID-19. Type 2 diabetes mellitus places him in the first category of "definite" conditions that render him an increased risk of severe illness from COVID-19. "People with Certain Medical Conditions," December 29, 2020, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (visited Jan. 11, 2021). "Relying on official guidelines from the CDC is a common practice in assessing compassionate-release motions." *Elias*, 2021 U.S. App. LEXIS 251, at *9.

But Richardson fails to argue that he has a particularized risk of contracting the disease at FCI Petersburg – Low, where he is currently imprisoned. Indeed, he

describes the facility's efforts to curb COVID-19's spread there as "heroic." (ECF No. 475 at 2.) As of January 11, 2021, the facility reported 14 inmates and 8 staff as having active COVID-19 infections. "COVID-19 Coronavirus," https://www.bop.gov/coronavirus/ (visited January 11, 2021.) This is out of 627 total inmates. *See* General Information for FCI Petersburg, https://www.bop.gov/locations/institutions/pet/ (visited January 11, 2021.) Given the low overall infection rate, and the "heroic" precautions the facility is taking to prevent the spread of the virus, Mr. Richardson does not show that he has a particularized risk of contracting the disease at Petersburg. Additionally, Mr. Richardson's generalized fear of contracting COVID-19 while at Petersburg "'cannot independently justify compassionate release.'" *United States v. Elias*, No. 20-3654, 2021 U.S. App. LEXIS 251, at *10 (6th Cir. Jan. 6, 2021)(quoting *United States v. Dorsey*, No. 15-20336, 2020 WL 3819123, at *4 (E.D. Mich. July 8, 2020)(quotation omitted)).

### III. CONCLUSION

Mr. Richardson fails to establish his that health conditions equate to extraordinary and compelling circumstances. His Motion for Compassionate Release is **DENIED**. (ECF No. 475.)

**IT IS SO ORDERED**.

                                                  <u>s/ Sarah D. Morrison</u>
                                                  **SARAH D. MORRISION**
                                                  **UNITED STATES DISTRICT JUDGE**